11951

MILLER *ET AL.* v. CITY OF GREENVILLE *ET AL.*

(132 S. E., 591)

1. AUCTIONS AND AUCTIONEERS—MUNICIPAL CORPORATION HAS NO POWER TO REGULATE PUBLIC AUCTION OF MERCHANDISE UNLESS CONFERRED BY LEGISLATURE (CIV. CODE 1922, § 4388).—Exceptions to order refusing injunction *pendente lite* against ordinance relating to auction sales of jewelry will be sustained, since power to regulate sale of merchandise at public auction is not one of incidents to municipal corporation under Civ. Code 1922, § 4388, and such powers can be exercised only when conferred by Legislature.

2. AUCTIONS AND AUCTIONEERS—SELLING PROPERTY AT AUCTION IS LEGITIMATE AND COMMON RIGHT.—Selling goods or property at public auction is legitimate and common right, any citizen having right to sell property either by person, agent, or auctioneer.

3. AUCTIONS AND AUCTIONEERS—ORDINANCE LIMITING AUCTION SALES TO SIX DAYS IN YEAR HELD VOID.—Municipal ordinance virtually prohibiting auction sales by providing no auction sale could be conducted for more than six days in any calendar year. which must be successive and between hours of 8 a. m. and 6 p. m., *held* void as unreasonable and oppressive, and contrary to the laws and policy of the State.

Before WILSON, J., Greenville, November, 1924. Reversed and remanded.

Action by Hyman Miller, Abe Miller and another, against the City of Greenville and J. E. Smith, as Chief of Police.

From an order refusing plaintiffs' motion for an injunction *pendente lite,* plaintiffs appeal.

*Mr. W. B. Bryson,* for appellants, cites: *Power to license auctioneers not incidental power of municipal corporation:* 3 Pet., 398; 7 L. Ed., 719; 32 Minn., 364; 20 N. W., 361. *License fees for auctioneers must be reasonable:* 32 Minn., 364; 20 N. W., 361. *Power to regulate not power to prohibit:* 1 Dillon on Municipal Corporations, Sec. 325. *City ordinance unreasonably restricting trade illegal unless power is conferred by Legislature:* 96 S. C., 5; 79 S. E., 641; 131 N. C., 814; 42 S. E., 960; 196 N. Y. S., 209; 22 Quebec Superior Court, 225. *"Equal protection" clause construed:* 184 U. S., 540; 22 Sup. Ct., 431; 46 L. Ed., 679. *Ordinance discriminating between temporary and permanent residents as to need for auctioneer's license unconstitutional:* 159 Ill., 284; 42 N. E., 837; 31 L. R. A., 522. *Unreasonable restriction on sale of property unconstitutional:* Const. of U. S., Art. 1, Sec. 5; 13 N. Y. S., 378. *Ordinance void if contrary to policy of State:* 96 S. C., 5; 79 S. E., 641; 49 Ohio St., 536; 31 N. E., 884; 17 L. R. A., 184. *Unreasonable restraint on freedom of contract unconstitutional:* 12 C. J., 1200. *State cannot burden interstate commerce:* 211 Mass., 605; 98 N. E., 334; 56 Ohio St., 417; 47 N. E., 50; 60 A. S. R., 753. *Prima facie case entitles plaintiff to injunction pendente lite:* 69 S. C., 156; 48 S. E., 85; Code Civ. Pro., 1922, Sec. 482. *Injunction against enforcement of void ordinance proper:* 32 C. J., 264.

*Mr. E. M. Blythe,* for respondent, cites: *Powers of cities to enact ordinances:* Civ. Code, 1922, Sec. 4388. *Court to determine when ordinance unreasonable:* 125 S. C., 530. *Ordinances prohibiting auctions under certain circumstances sustained:* 119 S. E., 259; 112 N. W., 67; 142 Md., 380; 34 N. Y. S., 945; 31 A. L. R., 300.

April 6, 1926.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

"This is an appeal by the plaintiffs from an order of his
Honor, John S. Wilson, presiding over the Court of Com-
mon Pleas for the County of Greenville, Thirteenth Circuit,
refusing plaintiffs' motion for an injunction *pendente lite*
against defendants.

"The agreed facts, so far as they are material to this ap-
peal, are as follows: That during the latter part of Decem-
ber, 1923, plaintiffs appellants, who were conducting a jew-
elry store in the City of Greenville, put on a sale and sold
their stock of goods at public auction. On the 25th day of
March, 1924, the City Council of Greenville passed an or-
dinance relating to auction sales of jewelers' merchandise,
which ordinance is set out in this appeal and attacked as
invalid for the reasons specified herein.

"This action was begun on the 14th day of November,
1924, by the service on defendants of a summons, verified
complaint, and rule to show cause why the enforcement of
the ordinance should not be enjoined *pendente lite*. The
rule to show cause was argued before his Honor, John S.
Wilson, presiding Judge of the Court of Common Pleas
for Greenville County, then in session, on the 22nd day of
November, 1924, and an injunction *pendente lite* refused."

The exceptions are:

"(1) That his Honor erred in holding that Section 4388,
Vol. 3, Code of 1922, conferred upon the City of Greenville
the power to pass the ordinance, which did not regulate,
but virtually prohibited, the sale at auction of the goods
therein mentioned.

"(2) That his Honor erred in refusing to hold the ordi-
nance unreasonable and oppressive, and that it makes an
unjust and unnecessary discrimination between merchan-
dise located in Greenville for a period of one year or longer
and merchandise located in Greenville for a shorter period,

in that the former can be sold at auction, although restricted, while the latter is prohibited absolutely.

"(3) That his Honor erred in refusing to hold that the ordinance violated the inherent right to sell property in a legitimate way, which is incident to ownership and a vested property right protected by the United States Constitution.

"(4) That his Honor erred in not holding that the ordinance was void because contrary to the laws and policy of the State.

"(5) That his Honor erred in not holding that the ordinance was void because it virtually prohibits the employment of an agent to sell jewelers' merchandise at public auction, and therefore an unreasonable restraint upon the right to contract, performance of the contract being prohibited.

"(6) That his Honor erred in not holding that the ordinance was void because it placed an unreasonable and unnecessary burden upon interstate commerce.

"(7) That his Honor erred in holding that a case for an injunction *pendente lite* had not been made, and in refusing to hold, upon the whole case, that plaintiffs were entitled to the injunction, and in refusing, and not granting, the injunction."

The exceptions are sustained for the reason that the power to regulate the sale of merchandise at public auction is not one of the incidents to a municipal corporation, and such powers can be exercised only when it has been conferred on a municipal corporation by the Legislature.

The business of an auctioneer is a lawful and useful one; from time immemorial it has been recognized as such. It is a common right. The ordinance virtually prohibits auction sales by providing in Section 6 that no auction sale can be conducted for more than six days in any calendar year, which must be successive and between the hours of 8 a. m. and 6 p. m. on said days. Selling goods

or any property at public auction is legitimate and a common right. Any citizen has a right to sell any property he owns, either by person, agent, or auctioneer. .The person so selling his property by auction cannot be restricted to six days as provided for by the ordinance in question. The ordinance concedes that it is legitimate to sell six days during certain hours. Limiting to six days is unreasonable, and the ordinance is void, because it practically prohibits the seller to auction off his goods and merchandise. The owner of property has the right to sell his property in any manner he sees fit. In the case of *State v. Ray,* 42 S. E., 960; 131 N. C., 814; 60 L. R. A., 634; 92 Am. St. Rep., 795, the Court held invalid an ordinance making it unlawful for "groceries, dry goods stores and other places where merchandise is bought and sold (except drug stores)," to be kept open later than 7:30 p. m. as an unauthorized deprivation of liberty and property.

In the case of *Coaticook v. Lothrop,* 22 Quebec, Super. Ct., 225, a similar ordinance was condemned as "a tyrannical interference with the private rights of individuals who seek to earn their livelihood in the way that appears to them most suitable and without interfering with the rights of others."

The ordinance is unreasonable and oppressive; it violates the rights of citizens, and is contrary to the laws and policy of the State. The right to sell property in a legitimate way is an incident to the right of ownership, and the ordinance is an unreasonable limitation on the right of the auctioneer to sell the goods of another. The whole ordinance is void and unreasonable. The appellant is entitled to have his exceptions sustained, the order appealed from reversed, and the injunction asked for granted.

Reversed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER and MR. ACTING ASSOCIATE JUTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.